Thomas W. Buchanan *v.* S. H. Kimes *et al.*

## Thomas W. Buchanan *v.* S. H. Kimes *et al.*

1. Lien of Judement. *Priority of.* The lien created by a registered judgment has priority over an unrecorded contract.
   Code, §§ 2030, 2075; Kinsey *v.* McDerman, 5 Cold., 392.
2. Guardian. *Action, as such, does not affect his individual rights. When.* Where the guardian of minors is made defendant, as such, to a suit involving the title to property, he is not such a party as will render the decree binding on him in an individual suit. While this would be notice of his ward's claim upon the land, his rights will not be effected thereby since a creditor may enforce his judgment lien, the adverse title not being registered.
   Cases cited: Johnson & Heam *v.* Morgan, Allison & Co., 2 Hum., 115; Stanley *v.* Nelson, 4 Hum., 484; Butler *v.* Maury, 10 Hum., 420.
3. Same. *Deed. Recitals in. Estoppel.* While the recital in a vendor's deed might estop him from denying the purchase of his vendee, yet it can have no effect in communicating a title as against his judgment creditors.
4. Same. *Trust deed. Rights of beneficiaries.* Where land is conveyed in trust to secure certain specific debts, the beneficiaries of such trust deed will have a lien on the land so conveyed superior to that of ordinary judgment creditors.

### FROM LINCOLN.

Appeal from the Chancery Court. John P. Steele, Chancellor.

Woods & Dismukes, H. L. Davidson and E. Cooper, for Buchanan.

Bright & Bright and Edward H. East for Kimes *et al.*

Thomas W. Buchanan *v.* S. H. Kimes *et al.*

SNEED, J., delivered the opinion of the Court.

In 1855 S. H. Kimes purchased a tract of land of 270 acres at Chancery sale, which was reported to the Court and confirmed, but there was no divestiture or vestiture of title in him. He has paid all the purchase money except between $300 and $400. About the same time S. H. Kimes purchased six acres adjoining the 270 acres, and paid the purchase money, except $75, but got no legal title.

The bill in this case was filed to subject S. H. Kimes' equitable interest in these two tracts, to the satisfaction of a judgment obtained by T. W. Buchanan against S. H. Kimes for about $2,100, which judgment was properly registered, after the issuance of execution and return of "*nulla bona.*" The claim of complainant to satisfaction of his judgment is insisted on several grounds.

1. It is insisted that in 1861 S. H. Kimes made a contract of partnership with Thomas B. Kimes, in which he agreed to convey to said Thomas B. Kimes one-half of said 270 acres, whenever he obtained the legal title from the Chancery Court. Without considering the question whether the contract is so proven, as to make it evidence in the case, it is enough for the present, that the contract was never registered, and therefore, can not stand in the way of complainant's judgment and the lien created by its registration. Code, §§ 2030, 2075.

2. It is next insisted that complainant is estopped by the fact that he was a party defendant to a bill

Thomas W. Buchanan *v.* S. H. Kimes *et al.*

filed in 1866 by the heirs and administrator of T. B. Kimes, in which the Court decreed a sale of one-half of the 270 acres as the property of Thomas B. Kimes, for distribution among his heirs. Upon looking to the proceedings in that case, it appears that complainant owes the guardian of two of the minor heirs of T. B. Kimes, and as such answered the bill *pro forma*, but expressly referred the interests of his wards to the Court. He made no admissions as to the title of the property, but was simply a defendant as the guardian of the two minors. He had no interest personally in the suit nor does it appear that he was then a creditor of S. H. Kimes. He was, therefore, not such a party to the suit, as would render the decree in the case in any way binding on him. The most that could be inferred would be that he had notice in that suit; that the heirs of T. B. Kimes claimed an interest in the 270 acres of land, but notice does not affect the right of a creditor to enforce his judgment and lien, when the adverse title is not registered. Code, §§ 2030, 2075; 2 Hum., 115; 4 Hum., 484; 10 Hum., 420; 5 Cold., 392.

3. It is further insisted that S. H. Kimes, on the 6th of February, 1866, conveyed one-half of the 270 acres to 'Squire Pickle, in trust to secure specified debts; and that in this conveyance it is recited that he had previously sold the other half of the 270 acres, to T. B. Kimes. This conveyance was registered in February, 1866. The recital in describ-

ing the land conveyed might operate to estop S. H. Kimes from denying that T. B. Kimes had bought the land, but it can have no effect in communicating a title as against his judgment creditors. The deed of trust, however, gave to the beneficiaries therein a superior lien on the half of the land conveyed for their benefit, and complainant could only reach any surplus that might remain after satisfying such of the debts as might be shown to be valid and subsisting debts.

The Chancellor held that the deed of trust was void for want of sufficient stamps, and he gave complainant a decree for the satisfaction of his judgment against both entire tracts of land, after the payment of the balance of the purchase money.

The decree will be so modified as to subject the one-half of the 270 acres claimed by T. B. Kimes, and the six acres to the satisfaction of complainant's judgment; and as to the other half, he will be entitled to any surplus after the trust deed shall be foreclosed, and the valid subsisting debts satisfied. And the cause is remanded for further proceedings. The costs of this Court will be paid equally by the appellants and appellee, and the costs below as ordered by the Chancellor.